## William B. WINTERS

v.

## STATE of Rhode Island.

### No. 2009–353–Appeal.

Supreme Court of Rhode Island.

Jan. 6, 2011.

Kathleen Kelly, Esq.

William B. Winters.

### O R D E R

The applicant, William B. Winters (applicant or Winters), appeals *pro se* from a Superior Court judgment dismissing his application for postconviction relief. This case came before the Supreme Court for oral argument on December 8, 2010, pursuant to an order directing both parties to appear and show cause why the issues raised by this appeal should not be summarily decided. After reviewing the memoranda submitted by the parties and hearing the parties' oral arguments, we remand this matter to the Superior Court for a full hearing on whether the applicant's postconviction-relief application was barred by the doctrine of *res judicata*.

In 1983, Winters was convicted of seventeen counts of first- and second-degree sexual assault against children and sentenced to fifty years, with ten years suspended. He appealed his convictions to this Court, and we denied his appeal on October 15, 1984. Subsequently, between 1989 and 2005, he filed three applications for postconviction relief. The first was granted in part, and two of his convictions and the sentences imposed for them were vacated. The second and third applications were denied in full.

On May 1, 2007, Winters filed a fourth application for postconviction relief in the Superior Court, which is the basis of his appeal. He argued that the director of the Department of Corrections unconstitutionally revoked the good-time credits awarded to him under G.L. 1956 § 42–56–24(a) without "the minimum requirements of procedural due process." The state moved to dismiss the application on the ground that Winters's claim relating to his good-time credits was barred under the doctrine of *res judicata* because he did not raise such a claim in his previous three applications for postconviction relief, although it was available to him. Additionally, the state argued to support its motion to dismiss under Rule 12(b)(6) of the Superior Court Rules of Civil Procedure that his application failed to state a claim upon which relief could be granted. In his objection to the state's motion to dismiss, Winters argued, *inter alia*, that his claim was not barred by the doctrine of *res judicata* because he could not "predict the future [and he] could not have foreseen that good time credits would be revolked [*sic*] from him after he had filed" his previous applications for postconviction relief.

Winters's application for postconviction relief came before a justice of the Superior Court on July 30, 2007. In a bench decision, the hearing justice considered wheth-

er the application was barred under the doctrine of *res judicata* under the standard applicable to Rule 12(b)(6) motions to dismiss. After considering the pleadings, which did not specifically indicate when Winters's good-time credits were revoked, and "resolv[ing] factual issues" in favor of Winters, he declined to dismiss the application on this ground. The hearing justice found that it was "unclear" whether the issue and claim of the arbitrary revocation of good-time credits "was even available to [applicant] at the time of his earlier [applications for postconviction relief]." Therefore, he proceeded to address the merits of Winters's fourth application for postconviction relief. An order decreeing that the matter "be dismissed with prejudice pursuant to Rule 12(b)(6)" was entered on July 31, 2007.

As an initial matter, and before considering the merits of an appeal from a judgment on an application for postconviction relief, "we first must address a threshold issue—whether [the] applicant's claim is barred by the well-established doctrine of *res judicata*." *Ferrell v. Wall*, 971 A.2d 615, 619 (R.I.2009); *see* G.L. 1956 § 10-9.1–8 (codifying doctrine of *res judicata* for postconviction-relief applications). However, we are unable to determine whether we properly may consider the merits of the applicant's appeal at this time because the parties' submissions to this Court, and their oral arguments, have shown that the record is incomplete as to this threshold issue. In considering the motion to dismiss, the trial justice did not have the benefit of potentially relevant information, particularly the applicant's inmate disciplinary report, which would indicate when the applicant's good-time credits were revoked. Therefore, we remand to the Superior Court for a full hearing under Rule 56 of the Superior Court Rules of Civil Procedure to address whether the claim set forth in Winters's fourth application for postconviction relief is barred under the doctrine of *res judicata*.